# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Objections and Exceptions to Upset Sale | : | **CASES CONSOLIDATED** |
| | : | |
| | : | |
| Parties: Milagros Abreu and Lehigh County Tax Claim Bureau | : | |
| | : | |
| | : | |
| Regarding Property 742 N. 9th St Allentown, Tax Parcel No. 02-549783482468-0000001 | : | |
| | : | |
| | : | No. 1427 C.D. 2024 |
| Appeal of: Yosef Saleb | : | |
| | | |
| In re: Objections and Exceptions to Upset Sale | : | |
| | : | |
| | : | |
| Parties: Milagros Abreu and Lehigh County Tax Claim Bureau | : | |
| | : | |
| | : | |
| Regarding Property 742 N. 9th St Allentown, Tax Parcel No. 02-549783482468-0000001 | : | |
| | : | |
| | : | |
| Appeal of: Yosef Saleb | : | No. 1428 C.D. 2024 |
| | : | Submitted: May 14, 2026 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
            HONORABLE STELLA M. TSAI, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                FILED: July 21, 2026

Yosef Saleb (Successful Bidder), the successful bidder at an upset tax sale, has appealed an order of the Court of Common Pleas of Lehigh County (trial court) denying his request to intervene in the proceeding to vacate that upset tax sale. Successful Bidder filed his intervention application after the upset sale already had

been set aside, which made his application untimely. This required the application's denial unless extraordinary circumstances were shown to explain the delay. Concluding that Successful Bidder's motion did not allege extraordinary circumstances, the trial court denied his intervention request. Discerning no merit to Successful Bidder's contention that the trial court erred or abused its discretion, we affirm.

Milagros Abreu (Owner) owns property located at 742 N. 9th Street in Allentown, Pennsylvania (Property). On September 20, 2017, the Property was sold at an upset tax sale to Successful Bidder. On November 20, 2017, the Lehigh County Tax Claim Bureau (Tax Claim Bureau) filed a consolidated return at Docket No. 2017-TX-0055. On December 19, 2017, Owner filed objections to set aside the upset sale, asserting that the sale did not strictly comply with the notice requirements set forth in Section 607.1(a) of the Real Estate Tax Sale Law (Tax Sale Law).[1] Owner's objections were docketed at No. 2017-TX-0060 (2017 Docket). On February 12, 2018, Owner filed objections to the Tax Claim Bureau's consolidated return, which were docketed at No. 2018-TX-0002 (2018 Docket).

On March 2, 2018, Owner and the Tax Claim Bureau appeared before the trial court at which the parties agreed to set aside the upset sale of the Property. That day, the trial court issued two orders to set aside the upset sale, which were entered in both the 2017 and 2018 Dockets.[2]

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, added by the Act of July 3, 1986, P.L. 351, 72 P.S. §5860.607a.

[2] Also on March 2, 2018, the trial court issued an order granting the Tax Claim Bureau's petition for confirmation of distribution of sale proceeds of multiple parcels sold at the September 20, 2017, upset tax sale, which order was entered at Docket No. 2017-TX-0055. Reproduced Record at 22 (R.R. __). However, this order provided that no distribution was to be made on any properties for which objections had been filed until the objections were fully adjudicated, specifically listing the Property and the objections filed thereto at Docket No. 2017-TX-0060.

2

On March 12, 2018, at the 2017 Docket, Successful Bidder filed an emergency motion to intervene for the purpose of setting aside the trial court's order of March 2, 2018. R.R. 10-25.[3] By order of March 26, 2018, the trial court granted

Pennsylvania Rule of Appellate Procedure 2173 requires that the reproduced record be numbered in Arabic figures followed by a small "a." Pa.R.A.P. 2173. The reproduced record does not comply with Rule 2173 because it uses only Arabic figures. This opinion follows the numbering as it appears in the reproduced record.

[3] In the motion, Successful Bidder alleged, in part:

> 5.     [Owner] failed to file a Rule to Show Cause with her Objections and Petition to Set Aside, which runs afoul of the Pennsylvania Rules of Civil Procedure 239.2 and Local Rules of Lehigh County No. 206.4(c).
>
> 6.     With respect to objections and petitions concerning other properties sold at the same Upset Tax Sale, including those filed at Docket No. 2017-TX-56, 2017-TX-57, 2017-TX-58, 2017-TX-59, 2016-TX-61, **each and every one** included a Rule to Show Cause, which prompted the [trial c]ourt to schedule a hearing date and time. This was not the case here.
>
> 7.     In addition to failing to file a Rule to Show Cause, [Owner] also failed to serve upon [Successful Bidder] her Objections and Petition to Set Aside, even though [Successful Bidder] was at all times a proper Respondent to her Objections and Petition.
>
> . . . .
>
> 9.     Due to [Owner's] failures, no hearing was ever scheduled on the merits of her Objections and Petition to Set Aside at Docket No. 2017-TX-0060. []
>
> 10.     On March 2, 2018, the Honorable Michele A. Varricchio entertained the sole issue of whether she should confirm distribution at Docket No. 2017-TX-0055. Judge Varricchio entered an Order confirming distribution of all sales, *except* for those parcels where an objection or petition had been filed, including the one at bar (2017-TX-[00]60). []
>
> . . . .
>
> 15.     Even assuming, *arguendo*, that the Lehigh County Tax Claim Bureau consented to [Owner's] Petition, no such consent was given by [Successful Bidder], who is just as much a Respondent as the Lehigh County Tax Claim Bureau.
>
> 16.     [Successful Bidder] was deprived of substantial rights and interest in the Property insofar as service was never made upon him and a hearing was never scheduled regarding [Owner's] Objections and Petition to Set Aside filed at Docket No. 2017-TX-0060.

Successful Bidder Motion to Intervene ¶¶5-7, 9-10, 15-16; R.R. 11-12 (emphasis in original).

Successful Bidder's emergency motion; vacated its March 2, 2018, order; and scheduled a hearing on Owner's objections to the upset tax sale. However, the trial court did not enter this order in the 2018 Docket.

On June 26, 2018, the trial court issued an order consolidating the 2017 and 2018 Dockets. That same day, the trial court issued a rule to show cause why it should not vacate its March 2, 2018, order setting aside the upset sale entered on the 2018 Docket and strike Owner's praecipe for voluntary discontinuance entered on the 2017 Docket. The rule was returnable on July 5, 2018.

Then, on July 17, 2018, the trial court issued an order that vacated its order setting aside the upset sale and added Successful Bidder to the caption as an intervenor in the consolidated matter. The trial court then issued a rule to show cause why the upset tax sale of the Property should not be set aside; directed Successful Bidder and the Tax Claim Bureau to answer Owner's objections to the upset sale; and scheduled a hearing for August 30, 2018. Original Record (O.R.), 2017 Docket, Item 23; O.R., 2018 Docket, Item 9.[4]

On May 29, 2020, the trial court overruled Owner's objections to the upset sale of the Property, and Owner appealed. This Court vacated the trial court's order granting intervention because it did not address the timeliness of Successful Bidder's intervention request. *See In re Objections and Exceptions to Upset Sale*, 303 A.3d 835, 845 (Pa. Cmwlth. 2023). We remanded the matter to the trial court, with directions to determine whether Successful Bidder's emergency motion alleged extraordinary circumstances that would allow an untimely intervention request to

_____

[4] Owner appealed the trial court's July 17, 2018, order to this Court. We quashed the appeal for the stated reason that the order was interlocutory and not appealable. *In Re: "Petition for Objections and Exceptions to Upset Sale" (Appeal of: Milagros Abreu)* (Pa. Cmwlth., No. 1170 C.D. 2018, filed December 19, 2018), *petition for allowance of appeal denied*, 217 A.3d 186 (Pa. 2019).

proceed.[5] *Id*. Should it so find, the trial court was directed to hold a hearing on "whether Successful Bidder can prove the extraordinary circumstances necessary to allow his untimely petition." *Id*.

On September 17, 2024, without holding a hearing, the trial court denied Successful Bidder's emergency motion to intervene and reinstated the order of March 2, 2018, that set aside the upset tax sale. The trial court concluded that Successful Bidder's motion did not allege extraordinary circumstances that explained its untimely filing. Trial Court Order, 9/17/2024, at 3 n.4; R.R. 78. After the trial court denied reconsideration, Successful Bidder filed the instant appeal with this Court.

On appeal,[6] Successful Bidder raises two issues. First, he argues that the trial court erred or abused its discretion in denying his motion to intervene because it alleged procedural irregularities that constitute extraordinary circumstances. Second, he argues that the trial court erred or abused its discretion because there is a factual dispute about whether he had actual knowledge of Owner's objections to the upset sale that required an evidentiary hearing.

In his first issue, Successful Bidder argues that Owner's objections did not conform to the Lehigh County Rules of Civil Procedure (Local Rules), and this procedural irregularity constituted an extraordinary circumstance. Owner filed two

---

[5] Successful Bidder argued that Owner's failure to serve him with a copy of the objections deprived him of notice. However, it was not Owner's responsibility to serve him with a copy of the objection. *In re Objections and Exceptions to Upset Sale*, 303 A.3d at 845. Thus, Successful Bidder's allegations of lack of notice given by Owner did not constitute extraordinary circumstances that would allow an untimely motion to intervene to be heard. *Id*.

[6] "Our review in tax sale cases determines whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence." *In Re Lehigh County Tax Claim Bureau Upset Sale of September 19, 2018*, 263 A.3d 714, 717 n.4 (Pa. Cmwlth. 2021) (*Tchorzewski*).

5

sets of objections but did not attach a proposed rule to show cause, as required by the Local Rules. Had the rule been attached, a hearing would have been scheduled that would have informed Successful Bidder of Owner's objections to the upset sale.

The Tax Sale Law requires the tax claim bureau to notify the *owner* of the tax sale of its property and of the opportunity to challenge that sale. Section 607(a.1)(1) of the Tax Sale Law, 72 P.S. §5860.607(a.1)(1) (emphasis added).[7] It does not require the tax claim bureau to copy the successful bidder on this notice. *Tchorzewski*, 263 A.3d at 718. Likewise, the owner who files objections is not required to name the successful bidder or serve him with a copy of the objection petition. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 722-23 (Pa. Cmwlth. 2007) (*Clinton County*). Rather, "successful bidders must petition to intervene in order to be considered parties in an objection proceeding challenging a confirmation *nisi*." *Id*. at 723. In short, it is the successful bidder's responsibility to remain informed on the status of the tax sale and any objections that may be filed to the tax sale and to seek intervention if he wishes to participate as a party in an objection proceeding.

Where an applicant "has unduly delayed in making application for intervention," his application may be refused. Pa.R.Civ.P. 2329(3).[8] A trial court's

---

[7] It provides:

> *Notice shall be given* by the bureau within thirty (30) days of the actual sale *to each owner* by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner at his last known post office address as determined in section 602(e)(2) that the property was sold and *that the owner may file objections or exceptions* with the court relating to the regularity and procedures followed during the sale no later than thirty (30) days after the court has made a confirmation nisi of the consolidated return.

72 P.S. §5860.607(a.1)(1) (emphasis added).

[8] It states:

decision will not be set aside on appeal unless there has been an abuse of discretion. *Jackson v. Hendrick*, 446 A.2d 226, 228-29 (Pa. 1982). However, our Supreme Court has directed that an application to intervene that is filed after entry of a judgment should be denied, except in extraordinary circumstances. *Id*. at 229.

An extraordinary circumstance refers to "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Pendle Hill v. Zoning Hearing Board of Nether Providence Township*, 134 A.3d 1187, 1202 (Pa. Cmwlth. 2016) (quoting *Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 919 (Pa. Super. 2015)). Extraordinary circumstances do not pertain to the merits or the substantive defense the intervenor seeks to litigate. Rather, it is the circumstances proffered to excuse the untimely filing that must be scrutinized. *Chairge v. Exeter Borough Zoning Hearing Board*, 616 A.2d 1057, 1060 (Pa. Cmwlth. 1992); *see also Borough of Brookhaven v. Carman* (Pa. Cmwlth., No. 761 C.D. 2022, filed July 13, 2023) (unreported), slip op. at 12.[9] Here, Successful Bidder

---

Upon the filing of the petition *and after hearing*, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; *but an application for intervention may be refused, if*

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) *the petitioner has unduly delayed in making application for intervention* or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.Civ.P. 2329(3) (emphasis added).

[9] An unpublished opinion of this Court may be cited for persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

argues that Owner did not attach a proposed rule to show cause to her objections, and this "extraordinary circumstance" allows his untimely motion to intervene to proceed.

Successful Bidder's argument is premised on the theory that Owner's objections constituted a "petition" for purposes of the Local Rules. Those rules state, in relevant part, as follows:

> All petitions shall be filed with clerk of courts, and a copy thereof shall be delivered to the court administrator's office together with an unattached form of order as set forth in Pa.R.C[iv].P. 206.5 [(relating to a rule to show cause)]. If the petition is uncontested, the petition shall contain a certification to that effect.

Leh.R.C.P. 206.4(c)(1). The petitions that require a rule to show cause follow:

> (1) A petition to open a default judgment or a judgment of non-pros shall be governed by Pa.R.C[iv].P. 206.1 et seq.
>
> (2) A petition to open and/or strike a judgment shall be governed by Pa.R.C[iv].P. 2959 et seq.
>
> (3) A petition to compromise, settle, or discontinue an action in which a minor has an interest under Pa.R.C[iv].P. 2039 shall be prepared and filed pursuant to Leh.R.C.P. 2039.
>
> (4) A petition to compromise, settle, or discontinue an action in which an incapacitated person has an interest under Pa.R.C[iv].P. 2064 shall be prepared and filed pursuant to Leh.R.C.P. 2064.
>
> (5) A petition to settle, compromise, or discontinue a wrongful death or survival action in which a minor or incapacitated person has an interest under Pa.R.C[iv].P. 2206 shall be prepared and filed pursuant to Leh.R.C.P. 2206.

Leh.R.C.P. 206.1(a)(1)-(5). Otherwise, "all other applications for relief shall be in the form of a motion and shall be governed by Leh.R.C.P. 208.3(a) or (b)," except as otherwise provided by the Pennsylvania Rules of Civil Procedure or by statute.

Leh.R.C.P. 206.1(a)(6). In turn, the Pennsylvania Rules of Civil Procedure define "petition" to mean:

> (1) an application to strike and/or open a default judgment or a judgment of non pros, and
>
> (2) any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 *et seq*.

Pa.R.Civ.P. 206.1.

Objections to an upset tax sale are not included in the list of petitions that require the attachment of a proposed rule to show cause, in either the Local Rules or the Pennsylvania Rules of Civil Procedure. Nothing in the Tax Sale Law requires objections to be filed in the form of a petition. *See* Section 607(a.1)(1) of the Tax Sale Law, 72 P.S. §5860.607(a.1)(1) (stating that "owner may file objections or exceptions with the court relating to the regularity and procedures followed during the sale"). In any case, upset tax sales are governed exclusively by the Tax Sale Law, not by the Rules of Civil Procedure. *In re Upset Sale, Tax Claim Bureau of Tioga County, Control No. 012488*, 353 A.3d 191, 206 (Pa. 2026).

Noting that the trial court used the word "Petitioner" to refer to Owner and "Petition" to refer to Owner's objections, Successful Bidder argues that the trial court acknowledged that Owner's objections constituted a petition governed by the Local Rules. The trial court used the terms "Petitioner" and "Petition" in a colloquial sense and did not signify that Owner's objections constituted a petition for purposes of the Local Rules. Such word usage is not dispositive of the document's substantive meaning. *See Peruzzi v. Township of Falls*, 410 A.2d 93, 94 (Pa. Cmwlth. 1980) (stating that the court will treat a matter for what it really is despite the terminology used).

9

Because Owner's objections were not required to be filed as a petition under any set of rules, we reject Successful Bidder's argument that an order to show cause had to be attached thereto. There was no procedural irregularity, let alone an extraordinary circumstance that warranted his untimely application to intervene.

In his second issue, Successful Bidder argues that there was a factual dispute on whether he had actual knowledge of Owner's objections to the upset sale. *See In re Objections and Exceptions to Upset Sale*, 303 A.3d 835. In the prior appeal, Owner argued that Successful Bidder had actual knowledge of the upset sale because counsel for Owner and the Tax Claim Bureau had contacted Successful Bidder and his daughter to discuss Owner's objections to the upset tax sale. Successful Bidder contends that the trial court should have conducted an evidentiary hearing to inquire into the nature, timing, and substance of these conversations.

In rejecting this argument, the trial court explained that there was no factual or legal dispute about Successful Bidder's knowledge. His emergency motion to intervene made no reference to his daughter or to any conversations that took place with counsel for Owner or the Tax Claim Bureau. The purported "unresolved factual and legal dispute" raised in Successful Bidder's appeal was not stated in the emergency motion. Trial Court Pa.R.A.P. 1925(a) Op. at 5-6. Facts developed after Successful Bidder filed his emergency motion to intervene, and not stated in the motion, could not be considered by the trial court. The trial court was limited to the allegations set forth in the emergency motion, which said nothing about Successful Owner's conversations with the Tax Claim Bureau about Owner's objections. *In re Objections and Exceptions to Upset Sale*, 303 A.3d at 845.

In conclusion, Owner's objections to the upset tax sale were not required to be filed as a petition governed by the Local Rules; therefore, Owner was

10

not required to attach a proposed rule to show cause to her objections. Successful Bidder's motion did not allege extraordinary circumstances which are the prerequisite to a court's consideration of an untimely motion to intervene. This Court concludes that the trial court did not err or abuse its discretion. Accordingly, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Objections and Exceptions to Upset Sale | : | **CASES CONSOLIDATED** |
| | : | |
| | : | |
| Parties: Milagros Abreu and Lehigh County Tax Claim Bureau | : | |
| | : | |
| | : | |
| Regarding Property 742 N. 9th St Allentown, Tax Parcel No. 02-549783482468-0000001 | : | |
| | : | |
| | : | |
| Appeal of: Yosef Saleb | : | No. 1427 C.D. 2024 |
| In re: Objections and Exceptions to Upset Sale | : | |
| | : | |
| | : | |
| Parties: Milagros Abreu and Lehigh County Tax Claim Bureau | : | |
| | : | |
| | : | |
| Regarding Property 742 N. 9th St Allentown, Tax Parcel No. 02-549783482468-0000001 | : | |
| | : | |
| Appeal of: Yosef Saleb | : | No. 1428 C.D. 2024 |

## O R D E R

AND NOW, this 21st day of July, 2026, the order of the Court of Common Pleas of Lehigh County, in the above-captioned matter, dated September 17, 2024, is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita